WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Noel Van Kleeck, | No. CV-21-01498-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff John Noel Van Kleeck's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 16, Pl. Br.), Defendant Social Security Administration Commissioner's Response Brief (Doc. 19, Def. Br.), and Plaintiff's Reply (Doc. 20, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 13, R.) and now affirms the Administrative Law Judge's (ALJ) decision (R. at 13–26) as upheld by the Appeals Council (R. at 1–5).

**I.     BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on June 21, 2017, for a period of disability beginning on December 24, 2015. (R. at 13.) His claim was denied initially on August 25, 2017, and upon reconsideration on April 24, 2018. (R. at 13.) On December 16, 2019, Plaintiff appeared before the ALJ for a hearing regarding his claim.

(R. at 50.) After the hearing, the ALJ ordered a post-hearing consultative psychological examination. (R. at 13.) The ALJ admitted into evidence the results of that examination and conducted a telephonic supplemental hearing on October 5, 2020, at which Plaintiff amended his alleged onset date to December 23, 2017. (R. at 13.) On October 28, 2020, the ALJ denied Plaintiff's claim and also denied Plaintiff's requests to exclude the state agency and Social Security Administration consulting physician opinions, to subpoena the same individuals as well as the vocational and other experts, and to propound interrogatories on many of these individuals. (R. at 13–26.) On July 12, 2021, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1–5.)

The Court has reviewed the record and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the severe impairments of degenerative disc disease, obesity, diabetes, and peripheral neuropathy. (R. at 16.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 25.) In so doing, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 18.) The ALJ found that Plaintiff has the Residual Functional Capacity (RFC) to perform light work with some physical and environmental limitations. (R. at 19.) Accordingly, the ALJ found that Plaintiff can perform past relevant work as a security guard, telemarketer, or technical support representative, such that Plaintiff is not under a disability as defined in the Social Security Act. (R. at 25.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is

more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.*; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration, namely, (1) the ALJ's reasons for discounting the opinions of examining physician Brian Briggs, M.D. were not supported by substantial evidence in the record, and (2) the ALJ erred in evaluating Plaintiff's symptom testimony. (Pl. Br. at 1–2.) The Court examines these arguments in turn.

#### A. Examining Physician Brian Briggs, M.D.

Plaintiff contends that the ALJ gave insufficient reasons for discounting the opinions of Dr. Brian Briggs. (Pl. Br. at 21–24.) Dr. Briggs examined Plaintiff at the request of his counsel on October 9, 2019. (R. at 1134–55.) Among his findings, Dr. Briggs opined that Plaintiff "suffered from disuse atrophy," Plaintiff's gait was "antalgic, unstable and unsafe," Plaintiff's hands exhibited wasting such that Plaintiff "fumbled and dropped objects," and Plaintiff could lift and carry less than 10 pounds. (R at 1137–43.) As a result, Dr. Briggs stated that Plaintiff was incapable of work in any capacity, an 8-hour work-day, or a 40-hour work-week. (R. at 1143.)

The Ninth Circuit no longer accords special deference to an examining physician. *Woods v. Kijakazi*, 32 F. 4th 785, 792 (9th Cir. 2022). In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to[ ] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." *Id.* § 404.1520c(b)(2), (c).

Moreover, the Ninth Circuit held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Woods*, 32 F. 4th at 790. Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must provide an explanation—that is, reasons—supported by substantial evidence. *Id.* This means that the ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Here, the ALJ laid out specific reasons supported by the record in finding Dr. Briggs' opinion unpersuasive. (R. at 24.) Most notably, the ALJ observed that no other evidence in the record from an examining or treating physician indicated that Plaintiff suffered from excessive muscle wasting, "disuse atrophy," or the resulting effects on strength and capacity for movement. (R. at 24.) The Court's review of the medical record bears this out. As the ALJ noted, Dr. Briggs' opinions arguably meet the supportability factor because he reported that his opinions were based on his examination of Plaintiff, but the opinions do not meet the consistency factor because they are inconsistent with the longitudinal evidence in the record. Thus, the ALJ did not err in finding Dr. Briggs' report to be "an outlier" that was "out of proportion with the other examinations" and thus unpersuasive.

### B. Plaintiff's Symptom Testimony

In his testimony before the ALJ, Plaintiff stated among other things that he suffered from debilitating pain, leg tingling and weakness, and chronic sleepiness caused by pain medication. Plaintiff now argues that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective complaints. (Pl. Br. at 11–20.)

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v.*

*Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).)). For example, "[i]n evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

Among his reasons for discounting portions of Plaintiff's testimony while incorporating others into the formulation of Plaintiff's RFC, the ALJ did observe that the "objective clinical examinations . . . failed to corroborate the full extent of the alleged severity, limiting effects, and frequency" of Plaintiff's condition. (R. at 21.) Specifically, the ALJ cited medical reports stating that Plaintiff was diagnosed with degenerative disc disease and had some resulting nerve impingement at L4–L5, but no further disc herniation and nerve impingement or spinal canal stenosis, which would support the higher degree of limitation reported by Plaintiff. (R. at 21.) Physical examinations as reported in the medical record revealed an "array of normal findings such as normal tone and strength, normal gait, normal range of motion, normal alignment, no tenderness or masses, [and] cranial nerves intact." (R. at 21.) These observations in medical examinations, as supported by the record, were somewhat inconsistent with Plaintiff's reports of constant, excruciating pain, even when considering other reports showing a less than normal gait. (R. at 21.) Further, the ALJ noted the positive results Plaintiff felt in relieving pain through medication. (R. at 21–22.)

The ALJ also concluded that other factors warranted discounting the severity of the symptoms reported by Plaintiff. Among these, the ALJ noted that Plaintiff's activities of daily living "suggest he may not be as limited as alleged." (R. at 22.) For example, Plaintiff reported at the hearing and in medical appointments that he lives with friends, cares for

himself, drives, shops in stores, attends doctor's appointments, performs house chores, watches TV, uses the internet, and plays games on his phone. (R. at 22.) The Court agrees that these indicate a less than debilitating level of pain.

Additionally, the ALJ noted that nothing in the record corroborated Plaintiff's statement that the cane he sometimes used to assist with walking was medically necessary, and indeed Plaintiff stated he inherited the cane from his mother. (R. at 22.) Importantly, as noted above, numerous—though not all—medical examinations of Plaintiff revealed a normal gait and normal strength bilaterally in the lower extremities. While Plaintiff is correct that "anyone can buy a cane," (R. at 18), the ALJ cannot conclude it is medically necessary simply by way of its purchase. Likewise, the ALJ noted that Plaintiff's testimony at the hearing regarding chronic sleepiness was not corroborated by the record. (R. at 22.) Plaintiff takes issue with this in his brief (R. at 17), arguing that the drowsiness effects of the medications he takes are well known such that he did not need to report them. The Court agrees with the ALJ that in the multiple opportunities to discuss fatigue with his doctors and in the psychological examination—fatigue which Plaintiff testified to the ALJ was chronic such that it would prevent him from being able to work—it is reasonable to expect that Plaintiff would have reported it. While not dispositive, the ALJ did not err in relying on these factors in evaluating Plaintiff's symptom testimony.

In sum, the Court finds the ALJ's reasons for discounting—but not ignoring—Plaintiff's symptom testimony were specific, clear, and sufficiently convincing for the Court not to disturb the ALJ's conclusions. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." (internal citation omitted)). In the absence of finding material error on the part of the ALJ, the Court will affirm the ALJ's decision.

**IT IS THEREFORE ORDERED** affirming the October 28, 2020 decision of the ALJ (R. at 13–26), as affirmed by the Appeals Council on July 12, 2021 (R. at 1–5).

1    **IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and
2  close this case.
3    Dated this 29th day of March, 2023.

_____
Honorable John J. Tuchi
United States District Judge